SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:    (617) 994-5800
Facsimile:    (617) 994-5801

MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:    (415) 630-2651
Facsimile:    (617) 995-5801

Attorneys for Plaintiff ADRIANA ORTEGA,
individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| ADRIANA ORTEGA, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br> v. <br><br> THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., and MIDNIGHT SUN ENTERPRISES, LLC, <br><br>         Defendants. | Case No.: <br><br><br> **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |

## I.     NATURE OF THE ACTION

1.      Plaintiff Adriana Ortega brings this suit as a class and collective action on behalf of herself and other similarly situated individuals who have worked as independent contractor dancers (collectively, "dancers" or "members of the putative class") at Spearmint Rhino adult entertainment clubs throughout California (collectively, "Spearmint Rhino Clubs").

2.      As described in further detail herein, Defendants have misclassified dancers as independent contractors and, in so doing, have violated various provisions of federal and California law by (1) failing to pay dancers minimum wage; (2) taking portions of gratuities left for dancers by patrons; (3) failing to provide dancers with accurate itemized wage statements; (4) failing to reimburse dancers for work-related expenditures; (5) failing to keep accurate payroll and employment records for dancers; and (6) failing to pay dancers' wages when due.

## II.     PARTIES

5.      Defendant The Spearmint Rhino Companies Worldwide, Inc. ("Spearmint Rhino Worldwide") is a Nevada corporation with its principal places of business located at 1875 Tandem Way, Norco, CA 92860.

6.      Defendant Spearmint Rhino Consulting Worldwide, Inc. ("Spearmint Rhino Consulting") is a Delaware corporation with its principal place of business located at 1875 Tandem Way, Norco, CA 92860.

7.      Defendant Midnight Sun Enterprises, LLC ("Spearmint Rhino – Torrance") is a California corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Torrance.

8.      Defendants Spearmint Rhino Worldwide and Spearmint Rhino Consulting directly or indirectly own, manage, direct, operate, dictate employment policies, and control the business operations at the Spearmint Rhino Clubs. At all relevant times, Spearmint Rhino Worldwide and Spearmint Rhino Consulting jointly employed all dancers working in the Spearmint Rhino Clubs, and dictated the common employment policies applicable in the

Spearmint Rhino Clubs, including but not necessarily limited to the decisions: (1) to misclassify dancers as independent contractors rather than employees; (2) to fail to pay dancers minimum wage; (2) to take portions of gratuities left for dancers by patrons; (3) to fail to provide dancers with accurate itemized wage statements; (4) to fail to reimburse dancers for reasonable, work-related expenditures; (5) to fail to keep accurate payroll and employment records for dancers; and (6) to fail to pay dancers' wages when due. Defendants Spearmint Rhino Worldwide and Spearmint Rhino Consulting and their principals created the business model used at the Spearmint Rhino Clubs, including the unlawful practices identified above.

9.   Plaintiff Adriana Ortega is an adult resident of Torrance, California. Plaintiff worked as a dancer at the Spearmint Rhino – Torrance from approximately December, 2012 to June, 2016.

### III.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4.   Venue is proper in the because Defendants' principal place of business is in Norco, California.

### IV.   STATEMENT OF FACTS

10.   The Spearmint Rhino Clubs are adult entertainment clubs located throughout California, including locations in City of Industry, CA; Los Angeles, CA; Oxnard, CA; Rialto, CA; Santa Barbara, CA; Santa Maria, CA; and Van Nuys, CA.

11.   Dancers are classified by Defendants as independent contractors, when they are, under Federal and California law, Defendants' employees.

12.   Defendants have directly and/or indirectly exercised extensive control over the manner in which dancers perform their jobs and conduct themselves while working at the Spearmint Rhino Clubs, including but not necessarily limited to the following: Defendants retain the right terminate dancers at will, and specifically for failure to maintain certain appearance and grooming standards and failure to meet "dance performance minimums" (*e.g.*, 21 hours of performing per week); dancers are required to, upon request, participate in

Defendants' promotional activities in venues of Defendants' choosing; dancers' rates of pay are unilaterally set by Defendants; dancers are prohibited from engaging in numerous acts while performing; dancers are required to have their hair styled in a certain manner, and are required to wear bikini attire and high heels; dancers are required to offer special promotions in connection with lap dances, and are required to attempt to sell company merchandise during lap dances; dancers are required to check in at the beginning of their shifts and check out at the end of their shifts; and dancers are required to perform on stages of Defendants' choosing, regardless of whether one stage or another was more profitable.

13.   Defendants are in the business of providing adult entertainment to their patrons. Dancers perform services in the usual course of the Defendants' businesses, and without dancers' services, Defendants would have no business.

14.   For example, Defendants maintain a website on which it provides photographs and other information regarding the dancers who perform at the Spearmint Rhino Clubs, including advertising the specific dates when dancers are working.

15.   Dancers are not required to have any particular level of education to work as dancers at Spearmint Rhino Clubs.

16.   Defendants make a far greater investment in instrumentalities necessary for dancers to perform their work for Defendants, including, but not limited to, investments into venues at which dancers perform.

17.   In order to perform their job, dancers have been required to pay significant "house fees" to Defendants.

18.   Dancers have not received any wages from Defendants.

19.   Instead, any compensation dancers have received has come directly from patrons in the form of gratuities or tips.

20.   Out of these gratuities or tips, dancers have been required to pay a portion back to Defendants, as well as share their tips with other employees who are not eligible to share in tips, including managers and non-service employees (such as disc jockeys).

21. Even if these payments from patrons were deemed to be dancers' "wages", dancers have not been permitted to retain the full amount of these wages, since Defendants have subtracted various fines, charges, and fees from these amounts (as well as requiring dancers to share them with other employees).

22. Based on their misclassification as independent contractors, dancers have been required to bear expenses of their employment, including expenses for wardrobe that meets Defendants' requirements.  California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

23. Defendants have failed to provide dancers with itemized wage statements showing their hours worked, total wages earned, all deductions from wages, and all other information required by Cal. Lab. Code § 226(a).

24. Defendants have also failed to keep dancers' records as required by Cal. Lab. Code § 1174.5.

25. As a result of their failure to pay class members minimum wage, Defendants have also failed to pay dancers their wages when due.

## V.    CLASS ACTION ALLEGATIONS

26. Claims Two-Eight, *infra*, are brought by Plaintiff on behalf of herself and all others similarly situated pursuant to the class action mechanism set forth in Federal Rule of Civil Procedure 23. This putative class is proposed as:

"All individuals who have performed at Spearmint Rhino clubs in California as independent contractor-dancers from four years prior to the filing of this Complaint through the final disposition of this action."

## A.    ASCERTAINABILITY

27. It is administratively feasible to determine the members of the putative class through Defendants' records, because Defendants maintain class members' relevant information, including contact information and certain pay records.

//

**B.     NUMEROSITY**

28.     Plaintiff is informed and believes that there are hundreds of members of the putative class.

**C.     COMMONALITY**

29.     Members of the putative class share common issues of fact, including but not limited to:

      a.      The nature of the policies or practices tending to support Plaintiff's misclassification allegations;

      b.      Whether Defendants have had a policy or practice of taking dancers' gratuities;

      c.      Whether Defendants have had a policy or practice of failing to reimburse dancers for work-related business expenditures;

      d.      Whether Defendants have had a policy or practice of failing to pay dancers minimum wage;

      e.      Whether Defendants have had a policy or practice of failing to provide dancers with itemized wage statements showing the information required by Cal. Lab. Code § 226;

      f.      Whether Defendants have had a policy or practice of failing to keep accurate time records for dancers in violation of Cal. Lab. Code § 1174; and

      g.      Whether Defendants have had a policy or practice of failing to pay dancers their wages when due in violation of Cal. Lab. Code §§ 201-202.

30.     Members of the putative class share common issues of law, including:

      h.      Whether dancers have been misclassified by Defendants as independent contractors under California law;

      i.      Whether Defendants' policy or practice of failing to reimburse dancers for work-related business expenditures is in violation of Cal. Lab. Code § 2802;

      j.      Whether Defendants' policy or practice of failing to pay dancers minimum wage is in violation of Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, and Wage Order 5;

      k.      Whether Defendants' policy or practice of failing to keep accurate records for dancers is in violation of Cal. Lab. Code § 1174;

l.     Whether Defendants' policy or practice of failing to provide dancers with itemized wage statements showing the information required by Cal. Lab. Code § 226 is in violation of Cal. Lab. Code § 226; and

m.     Whether Defendants' policy or practice of failing to pay dancers their wages when due is in violation of Cal. Lab. Code §§ 201-202.

31.   The common issues of law can be answered with proof common to members of the putative class, including:

n.     Defendants' policies and practices applicable to all dancers, including policies that tend to show dancers are in fact employees rather than independent contractors;

o.     Defendants' policies or practices concerning its pay practices; and

p.     All other facts common to the putative class alleged above and as may be disclosed in discovery.

**D.     TYPICALITY**

32.   Plaintiff's claims are typical of the claims of all members of the putative class. First, Plaintiff, like all members of the putative class, has been misclassified by Defendants as an independent contractor.

33.   Second, Plaintiff, like all members of the putative class, was harmed by Defendants' pay policies or practices as described above.

**E.     ADEQUACY**

34.   Plaintiff is a member of the putative class and will fairly and adequately represent and protect the interests of the members of the putative class. Plaintiff has no conflicts of interests with members of the putative class.

35.   Counsel for Plaintiff are competent and experienced in litigating employment based class actions, including actions based on alleged misclassification.

**F.     PREDOMINANCE**

36.   Common questions of law and fact predominate over individual issues in this action for several reasons. First, the misclassification issue can be resolved with proof of Defendants' policies applicable to all dancers.

37. Second, the issue of Defendants' liability under the California Labor Code can be established as to all dancers with proof that Defendants' pay practices are common as to all dancers or an identifiable subset of dancers.

**G.    SUPERIORITY**

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Most if not all dancers would likely find the cost of individually litigating their claims against Defendants to be prohibitive. Further, thousands of individual proceedings in lieu of a class action would be an unnecessary burden on the court system as well as the parties. Additionally, many dancers may be unaware that they have legal recourse against Defendants.

## VI.    COLLECTIVE ACTION ALLEGATIONS

39. Claim One is brought by Plaintiff pursuant to 29 U.S.C. § 216(b) on behalf of a class of similarly situated individuals, defined as:

"All individuals who have performed at Spearmint Rhino clubs in California as independent contractor-dancers from three years prior to the filing of this Complaint through the final disposition of this action."

40. Class members may choose to "opt-in" to this case, pursuant to 29 U.S.C. § 216(b).

41. Collective treatment of Claim One is appropriate for reasons including, but not necessarily limited to, the reasons that claims minimum wage violations under California law are appropriate for class treatment, discussed above.

### FIRST CLAIM

### Failure to Pay Minimum Wage

### 29 U.S.C. § 206(a)(1)(C)

42. Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

//

43.    Plaintiff and members of the putative class were and/or are Defendants' employees for purposes of the Fair Labor Standards Act.

44.    Defendants have failed to pay dancers an hourly rate of at least the federal minimum wage of $7.25 per hour.  Defendants have thus violated the FLSA, 29 U.S.C. § 206(a)(1)(C), and have done so willfully, intentionally, and in bad faith.

## SECOND CLAIM

### Failure to Pay Minimum Wage

### Cal. Lab. Code §§ l182.12, 1194, 1194.2, 1197, 1197.1, and Wage Order 5

45.    Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

46.    Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

47.    Cal. Lab. Code § 1194 states that any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit. Cal. Lab. Code § 1197 states that the minimum wage is that set by the commission in the applicable wage order, in this case Wage Order 5. Wage Order 5 incorporates by reference the minimum wage set by statute.

48.    Defendants failed to pay dancers minimum wage for all hours worked as required by California law.

49.    Accordingly, dancers are entitled to minimum wage back pay and interest thereon, liquidated damages in the amount of the minimum wage back pay and interest thereon, reasonable attorneys' fees, costs of suit, and penalties.

//

//

//

## THIRD CLAIM

### Violation of Cal. Lab. Code § 351

### (Enforceable Through Cal. Bus. & Prof. Code § 17200 *et seq.*)

50.   Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

51.   Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

52.   Cal. Lab. Code § 351 prohibits employers from taking any portion of gratuities left to their employees.

53.   This violation is enforceable pursuant to the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  Defendants' conduct constitutes unlawful, unfair, or fraudulent acts or practices, in that Defendants have violated California Labor Code §351 in not permitting dancers to retain all gratuities, including dance fees, paid by customers.

54.   Defendants have unlawfully deducted various fines, charges, and fees from gratuities left by Defendants' patrons for dancers. Additionally, Defendants have unlawfully required dancers to share gratuities left to them with Defendants' other employees who are not eligible to share in tips, including managers and non-service employees (such as disc jockeys).

55.   As a result of Defendants' conduct, dancers suffered injury in fact and lost money and property, including the loss of gratuities to which they were entitled.  Pursuant to Cal. Bus. & Prof. Code § 17203, dancers seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

//
//
//
//

# FOURTH CLAIM

## Failure to Furnish Accurate Wage Statements

## Cal. Lab. Code § 226

56.   Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

57.   Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

58.   Cal. Lab. Code § 226 states that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

59. Defendants unlawfully failed to provide dancers with accurate itemized wage statements in writing with the information required by § 226.

60. Dancers suffered injury as a result of Defendants' conduct because, *inter alia*, they cannot readily ascertain their rates of pay for their hours worked for Defendants.

61. Accordingly, under § 226, dancers are entitled to statutory penalties, attorneys' fees, and costs.

**FIFTH CLAIM**

**Failure to Reimburse for Work-Related Expenditures**

**Cal. Lab. Code § 2802**

62. Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

63. Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

64. Cal. Lab. Code § 2802 requires an employer to indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

65. Dancers incurred unreimbursed costs, including wardrobe-related items that meets Defendants' requirements, "house fees," and contractual fees required to be paid by Plaintiff and members of the putative class in order to work for Defendants.

66. Such costs were reasonably incurred so that dancers could adequately perform their work for Defendants.

67. Accordingly, dancers are entitled to reimbursement for such incurred costs, plus attorneys' fees and costs of suit.

//

//

//

//

## SIXTH CLAIM

### Failure to Keep Accurate Payroll Records

### Cal. Lab. Code § 1174

68. Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

69. Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

70. Labor Code § 1174(d) requires that every employer in California maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in California. In addition, Cal. Lab. Code § 1174(d) requires that these records "be kept in accordance with rules established for this purpose by the [Industrial Welfare] commission."

71. Rules established by the commission, Wage Order 5, § 7, require that every employer in California "keep accurate information with respect to each employee," including without limitation, "time records showing when the employee begins and ends each work period," as well as "[m]eal periods, split shift intervals and total daily hours worked."

72. Defendants failed to maintain accurate records in compliance with Cal. Lab. Code § 1174(d) and/or Wage Order 5 for dancers.

73. Accordingly, dancers are entitled to collect and seek a civil penalty from Defendants in the amount of $500 each pursuant to Cal. Lab. Code § 1174.5.

## SEVENTH CLAIM

### Failure to Pay Wages When Due

### Cal. Lab. Code §§ 201, 202, 203

74. Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

75.   Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

76.   Cal. Lab. Code § 201 states that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Cal Lab. Code § 202 states If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours of previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

77.   Defendants failed to pay Plaintiff and a subset of members of the putative class who no longer work for Defendants their wages earned upon the termination of their respective employment relationships with Defendants.

78.   Accordingly, pursuant to Cal. Lab. Code § 203, Plaintiff and certain members of the putative class are entitled to waiting time penalties.

## EIGHTH CLAIM[1]

### Unlawful Business Practices

### Cal. Bus. & Prof. Code § 17200, et seq.

79.   Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

80.   Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

81.   Defendants' violations of the above cited Labor Code provisions and/or Wage Order 9 constitute unlawful business practices prohibited by California Business & Professions

---

[1]   Plaintiff intends to amend her complaint pursuant to Cal. Lab. Code § 2699.3(a)(2)(C) to add a representative cause of action for penalties pursuant to the Labor Code Private Attorneys General Act of 2004 ("PAGA") after complying with the statute's procedural requirements.

Code § 17200, et seq. and are independently actionable under California Business & Professions Code § 17200, et seq.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and the members of the putative class, pray for relief as follows:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

b.    Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);

c.    Designation of Plaintiff as representative of the putative class and collective action;

d.    Designation of Plaintiff's counsel as class counsel for the putative class and collective action;

e.    Damages for failure to pay minimum wage pursuant to federal and California law;

f.    Damages for failure to reimburse pursuant to California law;

g.    Damages for Defendants' conversion of gratuities;

h.    Restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

i.    Liquidated damages pursuant to state and federal law;

j.    Statutory penalties pursuant to Cal. Lab. Code §§ 203, 226 and 1174;

k.    Pre-judgment and post-judgment interest;

l.    Declaratory relief;

m.    Attorneys' fees and costs; and

n.    All other relief the Court deems just and equitable.

Dated: February 3, 2017                 Respectfully submitted,
                                        ADRIANA ORTEGA, individually and on
                                        behalf of all others similarly situated,

                                         By her attorneys,

                                         __/s/ Shannon Liss-Riordan_____

                                         SHANNON LISS-RIORDAN (State Bar No. 310719)
                                         sliss@llrlaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:   (617) 994-5800
Facsimile:   (617) 994-5801


MATTHEW D. CARLSON (State Bar No. 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
Telephone:   (415) 630-2651
Facsimile:   (617) 995-5801