SHANNON LISS-RIORDAN (State Bar No. 310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone:     (617) 994-5800
Facsimile:     (617) 994-5801

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| ADRIANA ORTEGA, ROBERTA FRIEDMAN, ADRIANA AVELAR and SHEYENNE MCCREA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>SANTA BARBARA HOSPITALITY SERVICES, INC., THE SPEARMINT RHINO COMPANIES WORLDWIDE, INC., SPEARMINT RHINO CONSULTING WORLDWIDE, INC., SANTA BARBARA HOSPITALITY SERVICES, LLC, DG HOSPITALITY VAN NUYS, LLC, ROUGE GENTLEMEN'S CLUB, INC., BROOKHURST VENTURE, LLC, CITY OF INDUSTRY HOSPITALITY VENTURE, INC., FARMDALE HOSPITALITY SERVICES, INC., INLAND RESTAURANT VENTURE I, INC., MIDNIGHT SUN ENTERPRISES, INC., OLYMPIC AVENUE VENTURE, INC., PLATINUM SJ, ENTERPRISE, PNM ENTERPRISES, RIALTO POCKETS, INCORPORATED, SANTA BARBARA HOSPITALITY SERVICES, INC., SANTA MARIA RESTAURANT ENTERPRISES, INC., THE OXNARD HOSPITALITY | Case No.:  5:17-cv-00206-JGB-KK<br><br>**SECOND AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SERVICES, INC., WASHINGTON
MANAGEMENT, LLC, BROOKHURST
VENTURE ANAHEIM, LLC, CITY OF
INDUSTRY HOSPITALITY VENTURE, LLC,
FARMDALE HOSPITALITY SERVICES,
LLC, INLAND RESTAURANT VENTURE I,
LLC, MIDNIGHT SUN ENTERPRISES, LLC,
OLYMPIC AVENUE VENTURES, LLC, PNM
ENTERPRISES SANTA ANA, LLC, THE
OXNARD HOSPITALITY SERVICES, LLC,
RIALTO POCKETS, LLC, SANTA
BARBARA HOSPITALITY SERVICES, LLC,
SANTA MARIA RESTAURANT
ENTERPRISES, LLC, AND WASHINGTON
MANAGEMENT LOS ANGELES, LLC.,

Defendants.

## I.      NATURE OF THE ACTION

1.      Plaintiffs bring this suit as a class and collective action on behalf of all individuals who performed as entertainers and in conjunction therewith have provided nude, semi-nude, and/or bikini entertainment for customers from October 30, 2017 through January 22, 2020 as "LLC Members" or "independent contractors" during any portion of the foregoing time period at the Clubs owned by Defendants in California.

2.      As described in further detail herein, Plaintiffs alleged that Defendants have misclassified dancers as LLC Members or independent contractors and, in so doing, have violated various provisions of federal and California law by (1) failing to pay dancers minimum wage; (2) taking portions of gratuities left for dancers by patrons; (3) failing to provide dancers with accurate itemized wage statements; (4) failing to reimburse dancers for work-related expenditures; (5) failing to keep accurate payroll and employment records for dancers; and (6) failing to pay dancers' wages when due.  The violations of the California Labor Code described herein are, separately, actionable under the Labor Code Private Attorneys General Act of 2004.

## II.      PARTIES

3.      Defendant The Spearmint Rhino Companies Worldwide, Inc. ("Spearmint Rhino Companies") is a Nevada corporation with its principal places of business located at 1875 Tandem Way, Norco, CA 92860.

4.      Defendant Spearmint Rhino Consulting Worldwide, Inc. ("Spearmint Rhino Consulting") is a Delaware corporation with its principal place of business located at 1875 Tandem Way, Norco, CA 92860.

5.      Defendant Midnight Sun Enterprises, Inc. ("Spearmint Rhino – Torrance") is a California corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Torrance.

6.      Defendant Midnight Sun Enterprises, LLC ("Spearmint Rhino – Torrance LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – Torrance.

7.     Defendant Santa Barbra Hospitality Services, Inc. ("Spearmint Rhino – Santa Barbara") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Santa Barbara.

8.     Defendant Santa Barbara Hospitality Services, LLC ("Spearmint Rhino – Santa Barbara LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – Santa Barbara.

9.     Defendant Platinum SJ Enterprise ("Spearmint Rhino – San Jose") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – San Jose.

10.    Defendant City of Industry Hospitality Venture, Inc. ("Spearmint Rhino – City of Industry") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – City of Industry.

11.    Defendant City of Industry Hospitality Venture, LLC ("Spearmint Rhino – City of Industry LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – City of Industry.

12.    Defendant Inland Restaurant Venture I, Inc. ("Spearmint Rhino – Van Nuys") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Van Nuys.

13.    Defendant Inland Restaurant Venture I, LLC ("Spearmint Rhino – Van Nuys LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – Van Nuys.

14.    Defendant Olympic Avenue Venture, Inc. ("Spearmint Rhino – Los Angeles") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Los Angeles.

15.     Defendant Olympic Avenue Ventures, LLC ("Spearmint Rhino – Los Angeles LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – Los Angeles.

16.     Defendant Rialto Pockets, Incorporated ("Spearmint Rhino – Rialto") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Rialto.

17.     Defendant Rialto Pockets, LLC ("Spearmint Rhino – Rialto LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – Rialto.

18.     Defendant Santa Maria Restaurant Enterprises, Inc. ("Spearmint Rhino – Santa Maria") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Santa Maria.

19.     Defendant Santa Maria Restaurant Enterprises, LLC ("Spearmint Rhino – Santa Maria LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – Santa Maria.

20.     Defendant The Oxnard Hospitality Services, Inc. ("Spearmint Rhino – Oxnard") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Spearmint Rhino – Oxnard.

21.     Defendant The Oxnard Hospitality Services, LLC ("Spearmint Rhino – Oxnard LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at Spearmint Rhino – Oxnard.

22.     Defendant Brookhurst Venture LLC ("California Girls – Anaheim") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as California Girls – Anaheim.

23.    Defendant Brookhurst Venture Anaheim, LLC ("California Girls – Anaheim LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at California Girls - Anaheim.

24.    Defendant PNM Enterprises ("California Girls – Santa Ana") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as California Girls – Santa Ana.

25.    Defendant PNM Enterprises Santa Ana, LLC ("California Girls – Santa Ana LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at California Girls – Santa Ana.

26.    Defendant Farmdale Hospitality Services, Inc. ("Blue Zebra – North Hollywood") is a California Corporationwith its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Blue Zebra – North Hollywood.

27.    Defendant Farmdale Hospitality Services, LLC. ("Blue Zebra – North Hollywood LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at California Girls – Santa Ana.

28.    Defendant Washington Management, LLC ("Dames N Games – Los Angeles") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Dames N Games – Los Angeles.

29.    Defendant Washington Management Los Angeles, LLC ("Dames N Games – Los Angeles LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at ("Dames N Games – Los Angeles")

30.    Defendant Rouge Gentlemen's Club, Inc. ("Dames N Games – Van Nuys") is a California Corporation with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as Dames N Games – Van Nuys.

31.     Defendant DG Hospitality Van Nuys, LLC ("Dames N Games – Van Nuys LLC") is a California Limited Liability Company with its principal offices at 1875 Tandem Way, Norco, CA 92860, and conducting business as the LLC under which entertainers performed at ("Dames N Games – Van Nuys")

32.     The above referenced clubs whether Spearmint Rhino, Dames n Games, Blue Zebra or California Girls are collectively referred to herein as "Spearmint Rhino Clubs."

33.     Defendants directly or indirectly own, manage, direct, operate, dictate employment policies, and control the business operations at the Spearmint Rhino Clubs. At all relevant times, Defendants employed or jointly employed all dancers working in the Spearmint Rhino Clubs, and dictated the common employment policies applicable in the Spearmint Rhino Clubs, including but not necessarily limited to the decisions: (1) to willfully or otherwise misclassify dancers as LLC Members or independent contractors rather than employees; (2) to fail to pay dancers minimum wage; (3) to fail to pay dancers overtime; (4) to take portions of gratuities left for dancers by patrons; (5) to fail to provide dancers with accurate itemized wage statements; (6) to fail to reimburse dancers for reasonable, work-related expenditures; (7) to fail to keep accurate payroll and employment records for dancers; (8) to fail to compensate dancers for all hours worked; (9) to fail to provide required meal and rest periods or pay missed meal period wages; (10) to fail to provide dancers with required information upon hiring;  (11) to fail to pay dancers' wages when due and (12) to fail to pay for all hours and penalties due upon discharge or resignation . Defendants Spearmint Rhino Companies and Spearmint Rhino Consulting and their principals created the business model used at the Spearmint Rhino Clubs, including the unlawful practices identified above.

34.     At all relevant times Defendants were employers of Plaintiffs and Plaintiffs were members of the Rule 23 class under California law and the FLSA.

35.     Plaintiff Adriana Ortega is an adult resident of Torrance, California. Plaintiff Ortega worked as a dancer at the Spearmint Rhino – Torrance from approximately December, 2012 to June, 2016.

36.     Plaintiff Roberta Friedman worked for Defendants from approximately 2014 to 2017 at a location in Santa Maria, California.

37.     Plaintiff Adriana Avelar worked for Defendants from approximately 2015 to 2017 at a location in Santa Maria, California.

38.     Plaintiff Sheyenne McCrea worked for Defendants from approximately March 2017 to April 2019 in Santa Maria, California.

### III.     JURISDICTION AND VENUE

39.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

40.     Venue is proper because Defendants conduct business in this judicial district and a significant portion of the events relevant to this lawsuit occurred in this judicial district.

### IV.     STATEMENT OF FACTS

41.     Defendants own and/ or operate adult entertainment clubs located throughout California, including locations in City of Industry, CA; Los Angeles, CA; Oxnard, CA; Rialto, CA; Santa Barbara, CA; Santa Maria, CA; San Jose, CA; North Hollywood, CA; Anaheim, CA; Santa Ana, CA; and Van Nuys, CA.

42.     Plaintiffs and other Dancers were classified by Defendants as independent contractors or "LLC Members," when they are, under Federal and California law, Defendants' employees.

43.     Defendants have directly and/or indirectly exercised extensive control over the manner in which dancers perform their jobs and conduct themselves while working at the Spearmint Rhino Clubs, including but not necessarily limited to the following: Defendants retain the right terminate dancers at will, and specifically for failure to maintain certain appearance and grooming standards and failure to meet "dance performance minimums" (*e.g.*, 21 hours of performing per week); dancers are required to, upon request, participate in Defendants' promotional activities in venues of Defendants' choosing; dancers' rates of pay are unilaterally set by Defendants; dancers are prohibited from engaging in numerous acts while performing; dancers are required to have their hair styled in a certain manner, and are required to wear bikini

attire and high heels; dancers are required to offer special promotions in connection with lap dances, and are required to attempt to sell company merchandise during lap dances; dancers are required to check in at the beginning of their shifts and check out at the end of their shifts; and dancers are required to perform on stages of Defendants' choosing, regardless of whether one stage or another was more profitable.

44.     Defendants are in the business of providing adult entertainment to their patrons. Dancers perform services in the usual course of the Defendants' businesses, and without dancers' services, Defendants would have no business.

45.     For example, Defendants maintain a website on which it provides photographs and other information regarding the dancers who perform at the Spearmint Rhino Clubs, including advertising the specific dates when dancers are working.

46.     Dancers are not required to have any particular level of education to work as dancers at Spearmint Rhino Clubs.

47.     Defendants make a far greater investment in instrumentalities necessary for dancers to perform their work for Defendants, including, but not limited to, investments into venues at which dancers perform.

48.     In order to perform their job, dancers have been required to pay significant "house fees" to Defendants.

49.     Dancers have not received any wages or overtime from Defendants.

50.     Instead, any compensation dancers have received has come directly from patrons in the form of gratuities or tips.

51.     Out of these gratuities or tips, dancers have been required to pay a portion back to Defendants, as well as share their tips with other employees who are not eligible to share in tips, including managers and non-service employees (such as disc jockeys).

52.     Even if these payments from patrons were deemed to be dancers' "wages", dancers have not been permitted to retain the full amount of these wages, since Defendants have subtracted various fines, charges, and fees from these amounts (as well as requiring dancers to share them with other employees).

53.     Based on their misclassification as LLC Members or independent contractors, dancers have been required to bear expenses of their employment, including expenses for wardrobe that meets Defendants' requirements.  California law requires employers to reimburse employees for such expenses, which are for the benefit of the employer and are necessary for the employees to perform their jobs.

54.     Defendants have failed to provide dancers with itemized wage statements showing their hours worked, total wages earned, all deductions from wages, and all other information required by Cal. Lab. Code § 226(a).

55.     Defendants have also failed to keep dancers' records as required by Cal. Lab. Code § 1174.5.

56.     As a result of their failure to pay class members minimum wage, Defendants have also failed to pay dancers their wages when due.

57.     Defendants have also failed to provide required meal and rest periods or pay for missed period wages.

58.     In addition, Defendants have failed to provide the dancers with required information upon hiring.

## V.     CLASS ACTION ALLEGATIONS

59.     The Claims below are brought by Plaintiffs on behalf of themselves and all others similarly situated pursuant to the class action mechanism set forth in Federal Rule of Civil Procedure 23. This putative class is proposed as:

> "All individuals who performed as entertainers and in conjunction therewith have provided nude, semi-nude, and/or bikini entertainment for customers from October 30, 2017 through January 22, 2020 as "LLC Members" or "independent contractors" during any portion of the foregoing time period at the Clubs owned."

**A.     ASCERTAINABILITY**

60.     It is administratively feasible to determine the members of the putative class through Defendants' records, because Defendants maintain class members' relevant information, including contact information and certain pay records.

**B.     NUMEROSITY**

61.     Plaintiff is informed and believes that there are hundreds of members of the putative class.

**C.     COMMONALITY**

62.     Members of the putative class share common issues of fact, including but not limited to:

    a.   The nature of the policies or practices tending to support Plaintiff's misclassification allegations;

    b.   Whether Defendants have had a policy or practice of taking dancers' gratuities;

    c.   Whether Defendants have had a policy or practice of failing to reimburse dancers for work-related business expenditures;

    d.   Whether Defendants have had a policy or practice of failing to pay dancers minimum wage;

    e.   Whether Defendants have had a policy or practice of failing to pay dancers overtime wages;

    f.   Whether Defendants have had a policy or practice of failing to provide dancers with itemized wage statements showing the information required by Cal. Lab. Code § 226;

    g.   Whether Defendants have had a policy or practice of failing to keep accurate time records for dancers in violation of Cal. Lab. Code § 1174;

    h.   Whether Defendants timely paid wages pursuant to Cal. Labor Code § 204;

    i.   Whether Defendants have had a policy or practice of failing to provide dancers with meal and rest breaks or pay missed meal period wages in violation of Cal. Labor Code §§ 226.7 and 512;

j. Whether Defendants have had a policy or practice of failing to provide dancers with required information upon hiring in violation of Cal. Labor Code § 2810.5; and

k. Whether Defendants have had a policy or practice of failing to pay dancers their wages when due in violation of Cal. Lab. Code §§ 201-202;

l. Whether Defendants had a policy or practiceof failing to pay for all hours and penalties due upon discharge or resignation;

63. Members of the putative class share common issues of law, including:

m. Whether dancers have been misclassified by Defendants as independent contractors or LLC members under California law;

n. Whether Defendants' policy or practice of failing to reimburse dancers for work-related business expenditures is in violation of Cal. Lab. Code § 2802;

o. Whether Defendants' policy or practice of failing to pay dancers minimum wage is in violation of Cal. Lab. Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, and Wage Order 5;

p. Whether Defendants' policy or practice of failing to keep accurate records for dancers is in violation of Cal. Lab. Code § 1174;

q. Whether Defendants' policy or practice of failing to provide dancers with itemized wage statements showing the information required by Cal. Lab. Code § 226 is in violation of Cal. Lab. Code § 226; and

r. Whether Defendants' policy or practice of failing to pay dancers their wages when due is in violation of Cal. Lab. Code §§ 201-202.

64. The common issues of law can be answered with proof common to members of the putative class, including:

s. Defendants' policies and practices applicable to all dancers, including policies that tend to show dancers are in fact employees rather than independent contractors;

t. Defendants' policies or practices concerning its pay practices; and

u.  All other facts common to the putative class alleged above and as may be disclosed in discovery.

**D.    TYPICALITY**

65.   Plaintiff's claims are typical of the claims of all members of the putative class. First, Plaintiff, like all members of the putative class, has been misclassified by Defendants as an independent contractors or LLC members.

66.   Second, Plaintiff, like all members of the putative class, was harmed by Defendants' pay policies or practices as described above.

**E.    ADEQUACY**

67.   Plaintiff is a member of the putative class and will fairly and adequately represent and protect the interests of the members of the putative class. Plaintiff has no conflicts of interests with members of the putative class.

68.   Counsel for Plaintiff are competent and experienced in litigating employment based class actions, including actions based on alleged misclassification.

**F.    PREDOMINANCE**

69.   Common questions of law and fact predominate over individual issues in this action for several reasons. First, the misclassification issue can be resolved with proof of Defendants' policies applicable to all dancers.

70.   Second, the issue of Defendants' liability under the California Labor Code can be established as to all dancers with proof that Defendants' pay practices are common as to all dancers or an identifiable subset of dancers.

**G.    SUPERIORITY**

71.   A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Most if not all dancers would likely find the cost of individually litigating their claims against Defendants to be prohibitive. Further, thousands of individual proceedings in lieu of a class action would be an unnecessary burden on the court system as well as the parties. Additionally, many dancers may be unaware that they have legal recourse against Defendants.

## VI.   COLLECTIVE ACTION ALLEGATIONS

72.   Plaintiffs assert the FLSA claims below pursuant to 29 U.S.C. § 216(b) on behalf of a class of similarly situated individuals.

73.   Class members may choose to "opt-in" to this case, pursuant to 29 U.S.C. § 216(b).

74.   Collective treatment of the FLSA claims in this Action is appropriate for reasons including, but not necessarily limited to, the reasons that claims minimum wage violations under California law are appropriate for class treatment, discussed above.

### FIRST CLAIM

### Failure to Pay Minimum Wage

### 29 U.S.C. § 206(a)(1)(C)

75.   Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

76.   Plaintiff and members of the putative class were and/or are Defendants' employees for purposes of the Fair Labor Standards Act.

77.   Defendants have misclassified exotic dancers as independent contractors and/or "LLC Members," and failed to pay dancers an hourly rate of at least the federal minimum wage of $7.25 per hour.  Defendants have thus violated the FLSA, 29 U.S.C. § 206(a)(1)(C), and have done so willfully, intentionally, and in bad faith.

### SECOND CLAIM

### Failure to Pay Minimum Wage

### Cal. Lab. Code §§ l182.12, 1194, 1194.2, 1197, 1197.1, and Wage Order 5

78.   Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

79.   Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

80.   Cal. Lab. Code § 1194 states that any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to

recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit. Cal. Lab. Code § 1197 states that the minimum wage is that set by the commission in the applicable wage order, in this case Wage Order 5. Wage Order 5 incorporates by reference the minimum wage set by statute.

81.   Defendants failed to pay dancers minimum wage for all hours worked as required by California law.

82.   Accordingly, dancers are entitled to minimum wage back pay and interest thereon, liquidated damages in the amount of the minimum wage back pay and interest thereon, reasonable attorneys' fees, costs of suit, and penalties.

## THIRD CLAIM

### Failure to Timely Pay All Wages When Due

### Cal. Lab. Code §§ 204, 210

83.   Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

84.   California Labor Code § 204 requires all wages be paid on at least a semi-monthly basis to non-exempt employees. Further, any wages earned for labor in excess of the normal work period must be paid no later than the following pay period's pay date.

85.   California Labor Code § 210 provides that any person who fails to pay wages due to any employee in violation of Section 204 shall be subject to a civil penalty for an initial violation of $100 for each failure to pay each employee, and for each subsequent violation or any willful or intentional violation of $200 for each failure to pay each employee plus 25 percent of the amount unlawfully withheld.

86.   During the class period, Plaintiff and the putative class members earned wages including but not limited to overtime compensation whether guaranteed by statute or contract for which they were never paid after the legally required date.

87.     Defendants failed to compensate Plaintiff and the putative class for all hours worked at the proper rate of pay due to their unlawful misclassification of Plaintiff and the putative class members as "members" of an LLC.

88.     Defendants' failure to timely pay these wages when due was willful and/or intentional.

89.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the putative class members have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code.

## FOURTH CLAIM

**Failure to Provide Required Meal & Rest Periods or Pay Missed Meal Period Wages Due Cal. Lab. Code §§ 226.7, 512, 1194.5, 1198; IWC Wage Order No. 9 §§ 11, 12**

90.     Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

91.     California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any meal period mandated by an applicable Industrial Wage Order. California Labor Code § 512 and IWC Wage Order 9 section 11 prohibits employers from employing a worker for more than five hours without a meal period of at least 30 minutes. Further, California Labor Code § 512 prohibits employers from employing a worker for more than 10 hours without a second meal period of at least 30 minutes. Under both California Labor Code §226.7(b) and IWC Wage Order 9 section 11(D), if an employer fails to provide an employee a meal period as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided as required.

92.     California Labor Code § 226.7(a) prohibits an employer from requiring an employee to work during any rest break mandated by an applicable Industrial Wage Order. IWC Wage Order 9 section 12(A) requires employers to authorize and permit employees who work

three and one half or more hours in a day to take a paid rest break of at least 10 minutes for every four hours worked or major fraction thereof, which insofar as practicable shall be in the middle of each work period. Under both California Labor Code § 226.7(b) and IWC Wage Order 9 section 12(B), if an employer fails to provide an employee A rest break as required, the employer must pay the employee one hour of pay at the employee's regular rate of compensation for each workday that a rest break is not provided as required.

93.     The California Labor Code requires an employer to completely relieve employees from all duties during meal and rest breaks.

94.     California Labor Code § 1198 makes unlawful the employment of an employee under conditions the IWC prohibits.

95.     During the class period, Defendants have had and continue to have a policy and practice of failing to provide Plaintiffs and putative class members full and timely meal periods required by California Labor Code §§ 226.7 and 512 and IWC Wage Order 9 section 11.

96.     Defendants have further violated and continue to violate California Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9 sections 11, 12 by having had and continuing to have a policy and practice of failing to pay each of their employees who was not provided with a full and timely meal period or rest breaks an additional one hour of compensation at each employee's regular rate of pay.

97.     Defendants have committed and continue to commit the acts alleged herein knowingly and willfully.

98.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the putative class have sustained economic damages, including but not limited to unpaid meal and rest period premiums, lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 9.

**FIFTH CLAIM**

**Failure to Pay Overtime Wages**

**Cal. Lab. Code §§ 510, 1194, 1198; IWC Wage Order No. 9, § 3**

99.     Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

100.     It is unlawful under California law for an employer to require, suffer or permit a non-exempt employee to work in excess of eight hours per workday or 40 hours per workweek without paying premium wages at one and a half times the employee's regular rate under California Labor Code § 510 and IWC Wage Order 9 section 3.

101.     It is also unlawful under California law for an employer to require, suffer or permit a non-exempt employee to work in excess of twelve hours per workday or beyond eight hours on the seventh consecutive workday in the workweek without paying premium wages at double the employee's regular rate under California Labor Code § 510 and IWC Wage Order 9 § 3.

102.     California law interprets the regular rate in the same manner as the FLSA.

103.     California law requires that when an employer directs, commands or restrains an employee and prevents the employee from using the time effectively for his or her own purposes, that employee remains subject to the employer's control, and this constitutes hours worked and the employee must be paid.

104.     California Labor Code § 1198 prevents an employer from employing an individual for longer hours than the IWC sets or under conditions the IWC prohibits. California Labor Code § 1194(a) entitles an employee to recover in a civil action the unpaid balance of all overtime compensation due but not paid.

105.     Plaintiff and the putative class members are current and former non-exempt employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage Order No. 9.

106.     Plaintiff and the putative class members have at times worked in excess of eight hours per workday and in excess of 40 hours per workweek, beyond twelve hours per work day and beyond the eighth hour on the seventh consecutive day of the workweek.

107.     During the class period, Defendants have failed and continue to fail to include all remuneration received by Plaintiff and putative class members into the calculation of their respective regular rates of pay.

108.     Defendants' policy and practice of failing to pay Plaintiff and the putative class the proper wages owed for all hours worked is unlawful. As a result of this unlawful policy, Plaintiff and the putative class have worked overtime hours for Defendants without being paid overtime premiums in violation of California law.

109.     Defendants have committed the acts alleged herein knowingly and willfully.

110.     As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the putative class members have sustained economic damages, including but not limited to unpaid overtime wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendants' violations of the California Labor Code and IWC Wage Order 9 section 3.

**SIXTH CLAIM**

**Civil Penalties for Violation of the Wage Theft Prevention Act**

**Cal. Lab. Code § 2810.5**

111.     Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

112.     At all relevant times, Defendants were subject to the provisions of the California Labor Codes mentioned herein.

113.     Defendants have failed to comply with California Labor Code § 2810.5 by failing to provide each employee with a written notice containing the information specified in Section 2810.5(a)(1)(A) through (H). Plaintiff and the putative class is therefore entitled to the penalties set forth in the California Labor Code, including but not limited to the penalties set forth in Cal.

Labor Code § 2699(f) on behalf of herself and other current and former aggrieved employees of Defendants, for each and every pay period that Defendants violated Cal. Labor Code § 2810.5.

114.   In addition, Plaintiff and the putative class seek an award of reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 2699(g)(1), which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorneys' fees and costs."

**SEVENTH CLAIM**

**Violation of Cal. Lab. Code § 351**

**(Enforceable Through Cal. Bus. & Prof. Code § 17200 *et seq*.)**

115.   Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

116.   Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

117.   Cal. Lab. Code § 351 prohibits employers from taking any portion of gratuities left to their employees.

118.   This violation is enforceable pursuant to the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.  Defendants' conduct constitutes unlawful, unfair, or fraudulent acts or practices, in that Defendants have violated California Labor Code §351 in not permitting dancers to retain all gratuities, including dance fees, paid by customers.

119.   Defendants have unlawfully deducted various fines, charges, and fees from gratuities left by Defendants' patrons for dancers. Additionally, Defendants have unlawfully required dancers to share gratuities left to them with Defendants' other employees who are not eligible to share in tips, including managers and non-service employees (such as disc jockeys).

120.   As a result of Defendants' conduct, dancers suffered injury in fact and lost money and property, including the loss of gratuities to which they were entitled.  Pursuant to Cal. Bus. & Prof. Code § 17203, dancers seek declaratory and injunctive relief for Defendants' unlawful, unfair, and fraudulent conduct and to recover restitution.

**EIGHTH CLAIM**

**Failure to Furnish Accurate Wage Statements**

**Cal. Lab. Code § 226**

121.     Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

122.     Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

123.     Cal. Lab. Code § 226 states that every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

124.     Defendants unlawfully failed to provide dancers with accurate itemized wage statements in writing with the information required by § 226.

125.    Dancers suffered injury as a result of Defendants' conduct because, *inter alia*, they cannot readily ascertain their rates of pay for their hours worked for Defendants.

126.    Accordingly, under § 226, dancers are entitled to statutory penalties, attorneys' fees, and costs.

### NINTH CLAIM

### Failure to Reimburse for Work-Related Expenditures

### Cal. Lab. Code § 2802

127.    Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

128.    Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

129.    Cal. Lab. Code § 2802 requires an employer to indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties.

130.    Dancers incurred unreimbursed costs, including wardrobe-related items that meets Defendants' requirements, "house fees," and contractual fees required to be paid by Plaintiff and members of the putative class in order to work for Defendants.

131.    Such costs were reasonably incurred so that dancers could adequately perform their work for Defendants.

132.    Accordingly, dancers are entitled to reimbursement for such incurred costs, plus attorneys' fees and costs of suit.

### TENTH CLAIM

### Failure to Keep Accurate Payroll Records

### Cal. Lab. Code § 1174

133.    Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

134.    Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

135.    Labor Code § 1174(d) requires that every employer in California maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed" in California. In addition, Cal. Lab. Code § 1174(d) requires that these records "be kept in accordance with rules established for this purpose by the [Industrial Welfare] commission."

136.    Rules established by the commission, Wage Order 5, § 7, require that every employer in California "keep accurate information with respect to each employee," including without limitation, "time records showing when the employee begins and ends each work period," as well as "[m]eal periods, split shift intervals and total daily hours worked."

137.    Defendants failed to maintain accurate records in compliance with Cal. Lab. Code § 1174(d) and/or Wage Order 5 for dancers.

138.    Accordingly, dancers are entitled to collect and seek a civil penalty from Defendants in the amount of $500 each pursuant to Cal. Lab. Code § 1174.5.

## ELEVENTH CLAIM

### Failure to Pay Wages When Due

### Cal. Lab. Code §§ 201, 202, 203

139.    Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

140.    Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

141.    Cal. Lab. Code § 201 states that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Cal Lab. Code § 202 states If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours of previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

142.    Defendants failed to pay Plaintiff and a subset of members of the putative class who no longer work for Defendants their wages earned upon the termination of their respective employment relationships with Defendants.

143.    Accordingly, pursuant to Cal. Lab. Code §§ 200-204, Plaintiff and certain members of the putative class are entitled to waiting time penalties.

## TWELFTH CLAIM

### Unlawful Business Practices

### Cal. Bus. & Prof. Code § 17200, et seq.

144.    Plaintiff, on behalf of herself and members of the putative class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

145.    Pursuant to California law, Defendants were and/or are the employers of Plaintiff and members of the putative class.

146.    Defendants' violations of the above cited Labor Code provisions and/or Wage Order 9 constitute unlawful business practices prohibited by California Business & Professions Code § 17200, et seq. and are independently actionable under California Business & Professions Code § 17200, et seq.

## THIRTEEN CLAIM

### Penalties Pursuant to the Labor Code Private Attorneys General Act of 2004
### Cal. Lab. Code § 2698, *et seq*.

### Representative Action

147.    Plaintiffs were aggrieved employees as defined by Cal. Lab. Code §2699(c) because she was employed by Defendants during the applicable statutory period and suffered injury as a result of the Defendants' Labor Code violations, including: misclassification whether willful or otherwise (Cal. Lab. Code § 226.8); failing to pay terminated dancers' wages when due (Cal. Lab. Code §§ 201-203); unlawful withholding of gratuities (Cal. Lab. Code § 351); unlawful tip pooling (Cal. Lab. Code § 351 )unlawful withholding of wages (Cal. Lab. Code § 221 and 225.5); failing to provide dancers with proper itemized wage statements (Cal. Lab. Code § 226); failing to keep accurate payroll records for dancers (Cal. Lab. Code §§ 1174,

1174.5); failing to pay dancers minimum wage (Cal. Lab. Code §§ 1197, 1197.1); and failing to reimburse dancers for necessary work related expenses (Cal. Lab. Code § 2802). Defendants' Labor Code violations are, separately, violations of Cal. Lab. Code § 558.

148.    Plaintiffs have complied with the notice requirement of Cal. Lab. Code § 2699.3 by submitting notice to the California Labor & Workforce Development Agency ("LWDA") through its electronic system, and to each Defendant via Certified Mail, return receipt requested, on February 3, 2017 and on April 26, 2019.

149.    It has been 65 days or more since the LWDA was notified of the Labor Code violations asserted in this Complaint, and the LWDA has not provided any notice that it will or will not investigate the alleged violations.

150.    Accordingly, Plaintiff is entitled to recover penalties, attorneys' fees, and costs of suit.

## **PRAYER FOR RELIEF**

Plaintiff, on behalf of herself and the members of the putative class, pray for relief as follows:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

b.    Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);

c.    Designation of Plaintiff as representative of the putative class and collective action;

d.    Designation of Plaintiff's counsel as class counsel for the putative class and collective action;

e.    Damages for failure to pay minimum wage pursuant to federal and California law;

f.    Damages for failure to reimburse pursuant to California law;

g.    Damages for Defendants' conversion of gratuities;

h.    Restitution pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*;

i.    Liquidated damages pursuant to state and federal law;

j.    Statutory penalties pursuant to Cal. Lab. Code §§ 203, 226 and 1174;

1    k.    Pre-judgment and post-judgment interest;

2    l.    Declaratory relief;

3    m.    Attorneys' fees and costs; and

4    n.    All other relief the Court deems just and equitable.

5

6    Dated: January 30, 2020          Respectfully submitted,
                                      ADRIANA ORTEGA, ROBERTA FRIEDMAN,
7                                     ADRIANA AVELAR and SHEYENNE MCCREA
                                      individually and on behalf of all others similarly situated,
8
                                      By their attorneys,
9

10                                        /s/ Shannon Liss-Riordan

11                                    SHANNON LISS-RIORDAN (State Bar No. 310719)
                                      sliss@llrlaw.com
12                                    LICHTEN & LISS-RIORDAN, P.C.
                                      729 Boylston Street, Suite 2000
13                                    Boston, MA 02116
                                      Telephone:   (617) 994-5800
14                                    Facsimile:    (617) 994-5801

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED COMPLAINT - 26